## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| RONNIE CAGLE, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-2953 |
| | § | |
| ALLSTATE TEXAS LLOYDS, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Summary Judgment [Doc. # 14] filed by Defendant Allstate Texas Lloyds ("Allstate").[1]  Plaintiffs Ronnie and Nicole Cagle filed their Response [Doc. # 27], and Allstate filed a Reply [Doc. # 28].  Based on the Court's review of the full record in this case and the application of relevant legal authorities, the Court concludes that the Motion for Summary Judgment should be **granted**.

## I.    FACTUAL BACKGROUND

Plaintiffs owned a house in Missouri City, Texas, that was covered by a homeowners' policy issued by Allstate.  Plaintiffs discovered mold in the master bedroom closet of their home, which they allege was caused by three water leaks covered by their homeowners' policy.  An adjuster sent by Allstate to Plaintiffs' home

---

[1]    Also pending is Plaintiffs' Motion to Strike Allstate's Designated Experts [Doc. # 29], which is moot in light of the Court's ruling on Allstate's Motion for Summary Judgment.

found mold in a variety of places throughout Plaintiffs' house, but tests revealed no leaks in the water supply system.  An indoor environmental evaluation revealed the presence of stachybotrys and, as a result, Plaintiffs were required to move out of their home.  Allstate paid over $150,000.00 in structural remediation, contents coverage, and additional living expenses in connection with Plaintiffs' claim.

Plaintiffs allege that mold remained in their house after the remediation and requested that Allstate undertake additional remediation in the amount of approximately $28,000.00.  Allstate denied Plaintiffs' request, asserting that the only mold then in the house was on the bedroom window frames and was the result of condensation.

## II.   ANALYSIS

Plaintiffs in this lawsuit allege breach of contract and violations of the Texas Deceptive Trade Practices Act and the Texas Insurance Code.  After an adequate time for discovery, Defendant moved for summary judgment.

### A.   Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure requires the entry of summary judgment, after an adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial.  *Baton Rouge Oil and*

*Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). An issue is material if its resolution could affect the outcome of the case. *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.,* 290 F.3d 303, 310 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

In deciding whether a fact issue has been created, the facts and the inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.,* 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the nonmovant "only when there is an actual controversy – that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999).

The party moving for summary judgment has the initial burden of demonstrating the absence of a material fact issue. *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998). If the movant meets this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (quoting *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1998)).

The nonmovant's burden is not met by mere reliance on the allegations or denials in the nonmovant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002) (noting that "unsworn pleadings do not constitute proper summary judgment evidence"). Likewise, "unsubstantiated or conclusory assertions that a fact issue exists" do not meet this burden. *Morris v. Covan Worldwide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998). Instead, the nonmoving party must present specific facts which show "the existence of a 'genuine' issue concerning every essential component of its case." *Id.* In the absence of any proof, the court will not assume that the nonmovant could or would prove the necessary facts. *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *revised on other grounds upon denial of reh'g*, 70 F.3d 26 (5th Cir. 1995); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

## B.    Causation

To prevail on any of their claims, Plaintiffs must show that the mold for which they sought additional remediation costs was caused by an event covered by their homeowners' policy.[2]  Plaintiffs claim the mold was from the roof leak, the air conditioner overflow, and a leak in the bathroom plumbing that apparently caused the mold originally discovered in the bedroom closet.  Defendant claims that the mold at issue in this case was caused by condensation, a cause not covered under the policy.  As a result, causation is a decisive issue on which Plaintiffs bear the burden of proof at trial.

There could be various causes of mold in a house.  The cause of any specific mold infestation is not a subject within the general experience or common sense of a lay person.  Consequently, the causation issue in this case, which is hotly contested by the parties, requires expert testimony.  *See, e.g., Qualls v. State Farm Lloyds*, 226 F.R.D. 551, 558 (N.D. Tex. 2005); *Kemmerer v. State Farm Ins. Co.*, 2004 WL 87017, * 3 (E.D. Pa. 2004).

Plaintiffs have not presented expert testimony on causation.  Indeed, they do not have a causation expert or any other expert designated in this case.  Having failed to

---

[2]    For purposes of this Memorandum and Order, the Court assumes without finding that mold damage would be covered under Plaintiffs' homeowners' policy if caused by events covered under that policy.

present expert evidence regarding the cause of the mold at issue in this case, Plaintiffs have failed to raise a genuine issue of material fact and Defendant is entitled to summary judgment.

## III.   CONCLUSION AND ORDER

Plaintiffs' claims in this case are based on their allegation that the mold in their home for which they requested additional remediation was caused by events covered under their homeowners policy.  This allegation regarding causation is contested by Defendant.  Because Plaintiffs have not presented expert testimony on causation, they have failed to raise a genuine fact dispute on that issue.  Accordingly, it is hereby

**ORDERED** that Allstate's Motion for Summary Judgment [Doc. # 14] is **GRANTED**.  It is further

**ORDERED** that Plaintiffs' Motion to Strike Allstate's Designated Experts [Doc. # 29] is **DENIED AS MOOT**.

The Court will issue a separate Final Order.

SIGNED at Houston, Texas, this **25th** day of **August, 2005**.

Nancy F. Atlas
United States District Judge